**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DARIEL CASTRO ESPINOSA,

Petitioner,

v.

Case No. 2:26-cv-02907-MIS-SCY

WARDEN, Otero County Processing Center; DAVID VENTURELLA, Acting Director of Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, El Paso Field Office Director, Enforcement and Removal Operations; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; and TODD BLANCHE, Attorney General of the United States,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

THIS MATTER is before the Court on Petitioner Dariel Castro Espinosa's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed September 3, 2026. The federal Respondents filed a Response on September 21, 2026 ("Response").[1] ECF No. 7. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Petition.

## I. Background

Petitioner is a citizen of Cuba who entered the United States without inspection near Santa Tereas, New Mexico, and was apprehended on or about February 20, 2026. Resp. at 1; ECF No. 7-1 at 3. Initially, an Asylum Officer found Petitioner had a credible fear of persecution, but an

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 3. However, as has become customary in these cases, the Warden did not respond to the Petition.

Immigration Judge later vacated that determination and issued Petitioner a Notice to Appear in expedited removal proceedings. ECF No. 7-1 at 3-4; ECF No. 7-2. Petitioner was charged with being subject to removal pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I). ECF No. 7-3. On August 5, 2026, an Immigration Judge ordered Petitioner removed to Cuba. ECF No. 7-4; Pet. at 1. Petitioner has appealed and his appeal is pending. Pet. at 2; EOIR.

Petitioner has been detained since his entry and is currently detained at the Otero County Processing Center, in Chaparral, New Mexico. Pet. at 1. Petitioner argues that his prolonged detention, now over 7 months in duration, violates his Fifth Amendment right to due process because it has become unreasonably prolonged and removal is not reasonably foreseeable. Id. at 3-6. He seeks immediate release. Id. at 10. On September 4, 2026, the Court ordered Respondents to answer the Petition, specifically stating "whether the Court has already ruled on the legal issue(s) in this case and whether the holdings in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) or *Mardanpour v. Warden*, Case No.2:26-cv-00550-MIS-LF, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026) require relief." ECF No. 3.

## II. Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure

release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

**III. Discussion**

In their response, Respondents first argue that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A) because he was arrested while, or shortly after, crossing the border into the United States without inspection and without possessing a valid visa or other entry document. Resp. at 2. Thus, Respondents assert that Santillan Quiroz v. Mullin, 180 F.4th 1226 (10th Cir. 2026), is not applicable. Id. at 2-3. Petitioner does not argue that his detention is governed by 8 U.S.C. § 1226 (or any other statute), and the Court will assume without deciding that Respondents are correct that Petitioner is an "arriving alien" whose detention is governed by Section 1225(b)(2). Respondents argue that Petitioner's detention is not constitutionally excessive, as the Court has found in Mardanpour because Petitioner's order of removal is not final and because he has been detained seven months (and not fourteen months as had the petitioner in Mardanpour). Id. at 3-4.

The Court finds that Petitioner's prolonged detention violates his substantive due process rights under the Fifth Amendment for the reasons identified in Mardanpour, 2026 WL 963164, at *3-8, which the Court hereby adopts. Briefly, Petitioner may not be "punished" without being accorded the substantive and procedural due process guarantees of the Fifth Amendment, Rodriguez-Fernandez v. Wilkinson, 654 F.2d 1382, 1387 (10th Cir. 1981); under the circumstances of this case, Petitioner's indefinite, ongoing detention of over seven months, with no reasonably

foreseeable end in sight,[2] is excessive in relation to the Government's legitimate, nonpunitive purpose of facilitating removal; and, therefore, Petitioner's detention is punitive and a violation of his Fifth Amendment substantive due process rights, id.; see also Zadvydas v. Davis, 533 U.S. 678, 699-701 (2001); Rosales-Garcia v. Holland, 322 F.3d 386, 411-13 (6th Cir. 2003); Sanchez Lopez v. Blanche, No. 1:26-CV-1915-MIS-SCY, 2026 WL 1960834, at *3 (D.N.M. July 7, 2026); Dominguez v. Warden, Case No. 1:26-cv-02310-MIS-GBW, 2026 WL 2186326, at *2 (D.N.M. July 29, 2026); Pereira v. Ortiz, Case No. 1:26-cv-02158-MIS-GBW, 2026 WL 2110814, at *2 (D.N.M. July 22, 2026); Mardanpour, 2026 WL 963164, at *3-8; Rasoli v. Mullin, Case No. 2:26-cv-01460-MIS-SCY, 2026 WL 1662615, at *3-4 (D.N.M. June 9, 2026); Ahmadi v. De Anda-Ybarra, Case No. 1:26-cv-00897-MIS-DLM, 2026 WL 1121981, at *3 (D.N.M. Apr. 24, 2026); Harutyunyan v. Lyons, Case No. 2:26-cv-01020-MIS-GBW, 2026 WL 1078958, at *1 (D.N.M. Apr. 21, 2026). Mardanpour does not, as Respondents seem to imply, rest on the fact that petitioner's detention exceeded fourteen months but instead rests on Zadvydas' holding that detentions exceeding six months are presumptively unreasonable. Mardanpour, 2026 WL 963164,

---

[2] As in Mardanpour, "Petitioner's appeal to the BIA and, if unsuccessful there, to the Tenth Circuit Court of Appeals, could take years." 2026 WL 963164, at *6.

> As the Department of Justice recently stated, after the Attorney General reduced the BIA's size by nearly one half in early 2025, there has been an "unprecedented B[IA] caseload." Appellate Procedures for the Board of Immigration Appeals, 91 Fed. Reg. 5267, 5270 (Feb. 6, 2026). Indeed, "between fiscal year 2015 and the end of fiscal year 2025, the B[IA]'s pending case load increased more than five-fold—from 37,285 pending appeals to 202,946 pending appeals," leaving the BIA "at a point where, even were it to have additional resources and better management, . . . it would not be able to keep up with incoming filings while tackling the backlog in any meaningful way." Id. (citing Executive Office of Immigration Review ("EOIR"), Adjudication Statistics: All Appeals Filed, Completed, and Pending (Nov. 18, 2025), https://www.justice.gov/eoir/media/1344986/dl?inline [https://perma.cc/88C5-MU4N]). Thus, "the B[IA] largely functions now as simply a vessel for further delay of the eventual resolution of [a noncitizen's] case." Id. at 5271.

Segura Serrano v. Scott, CASE NO. 2:26-cv-01268-LK, 2026 WL 1674357, at *3 (W.D. Wash. 2026). In any event, Respondents present no evidence or argument that Petitioner's removal is imminent in the reasonably foreseeable future.

at * 2-3 (citing Zadvydas, 533 U.S. at 701). Relying on Mardanpour, courts have granted habeas relief in circumstances where a petitioner had been detained for seven months. Bermudez-Villareal v. Warden, No. 2:26-CV-2729-MIS-KRS, 2026 WL 2620071, at *2 (D.N.M. Sep. 4, 2026); Alkhalaf v. Carnes, No. 1:26-CV-01271-SMD-LF, 2026 WL 2255241, at *3 (D.N.M. Aug. 5, 2026); Yang v. Warden, Case No. 2:26-cv-02266-MIS-GJF, 2026 WL 2186338, at * 2 (D.N.M. July 29, 2026); Marquez v. Warden, Case No. 2:26-cv-01527-MIS-SCY, 2026 WL 1557180, at *2 (D.N.M. June 2, 2026). Here, Respondents offer no argument or evidence to rebut the presumption that Petitioner's detention is presumptively unreasonable. See generally ECF No. 7.

Upon finding a person is "in custody in violation of the Constitution or laws or treaties of the United States[,]" 28 U.S.C. § 2241(c), a district court may grant a writ of habeas corpus and "dispose of the matter as law and justice so require[,]" 28 U.S.C. §§ 2241(a), 2243. The "typical remedy" for "unlawful executive detention" is release from custody. Munaf v. Geren, 553 U.S. 674, 693 (2008); see also Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Respondents have failed to articulate a legitimate interest in Petitioner's continued detention. Therefore, the Court finds that immediate conditional release is the appropriate remedy. See Boumediene v. Bush, 553 U.S. 723, 779 (2008) ("[T]he habeas court must have the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted.").

## IV. Conclusion

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2. Respondents are **ORDERED** to immediately release Dariel Castro Espinosa Petitioner from custody/detention, subject to reasonable conditions of release, such as electronic monitoring and regular check-ins;

3. Respondents shall return all of Petitioner's seized belongings to Petitioner;

4. Respondents **SHALL NOT** re-detain Petitioner absent (1) evidence that Petitioner has committed a crime or absconded in his administrative immigration proceedings, or (2) a valid final order of removal and concrete travel plans to remove Petitioner from the United States; and

5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE